■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAS ALICEA, Appellant. [22 NYS3d 8]—

Judgment, Supreme Court, New York County (Patricia Nunez, J.), rendered July 12, 2013, as amended August 23, 2013, convicting defendant, after a jury trial, of offering a false instrument for filing in the first degree (10 counts) and official misconduct, and sentencing him to an aggregate term of six months, with five years' probation, unanimously affirmed.

The People improperly introduced, on their direct case, evidence that defendant, a police officer on trial for making a false drug sale arrest, had previously been disciplined for unlawfully entering and searching an apartment. While defendant's intent was at issue at trial, this dissimilar and unrelated prior act had little probative value on that issue, and any probative value was outweighed by its prejudicial effect. Nevertheless, any error in this regard was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230, 242 [1975]), which included a surveillance videotape.

Defendant's vague remarks at the charge conference, and his request that the court give the "standard" charge (which the court agreed to do), coupled with his failure to take any exception after the court charged the jury, failed to preserve his present challenge to the charge (*see People v Whalen*, 59 NY2d 273, 280 [1983]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court's charge that use of an innocent intermediary to file false written instruments would not insulate defendant from liability under Penal Law § 175.35 conveyed the appropriate legal principles (*see People v Bel Air Equip. Corp.*, 39 NY2d 48, 55-56 [1976]), and that defendant was not prejudiced by the absence of the language about accessorial liability he suggests on appeal.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.